# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Susan Cammisa
301 S. Warwick Road
Magnolia, NJ 08046

**(b)** County of Residence of First Listed Plaintiff    Camden
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Linda M. Lopez, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 215-627-9999

## DEFENDANTS
Life Insurance Company of America
1601 Chestnut Street
Philadelphia, PA 19102

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product    Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |    Liability   [ ] 367 Health Care/ | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel &    Pharmaceutical | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act |    Slander    Personal Injury | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 330 Federal Employers'    Product Liability    Liability   [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 340 Marine    Injury Product | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product    Liability | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits |    Liability   **PERSONAL PROPERTY** | **LABOR** | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | | |
| [ ] 195 Contract Product Liability | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |    Product Liability   [ ] 380 Other Personal | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | [ ] 360 Other Personal    Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 890 Other Statutory Actions |
| |    Injury   [ ] 385 Property Damage | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| | [ ] 362 Personal Injury -    Product Liability | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| |    Medical Malpractice | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY**   **CIVIL RIGHTS**   **PRISONER PETITIONS** | | [X] 791 Employee Retirement Income Security Act | | |
| [ ] 210 Land Condemnation   [ ] 440 Other Civil Rights   **Habeas Corpus:** | | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 220 Foreclosure   [ ] 441 Voting   [ ] 463 Alien Detainee | | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment   [ ] 442 Employment   [ ] 510 Motions to Vacate Sentence | | | [ ] 871 IRS—Third Party 26 USC 7609 | |
| [ ] 240 Torts to Land   [ ] 443 Housing/   [ ] 530 General | | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability    Accommodations   [ ] 535 Death Penalty | | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property   [ ] 445 Amer. w/Disabilities -    Employment   **Other:** | | [ ] 462 Naturalization Application | | |
| [ ] 446 Amer. w/Disabilities -    Other   [ ] 540 Mandamus & Other | | [ ] 465 Other Immigration Actions | | |
| [ ] 448 Education   [ ] 550 Civil Rights | | | | |
| [ ] 555 Prison Condition | | | | |
| [ ] 560 Civil Detainee - Conditions of Confinement | | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
29 U.S.C. § 1002(2)(A).
Brief description of cause:
ERISA

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   150000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE   6/15/2021

SIGNATURE OF ATTORNEY OF RECORD   *Linda Lopez*

## FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SUSAN CAMMISA, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. |
| v. | : | |
| | : | |
| LIFE INSURANCE COMPANY | : | |
| OF NORTH AMERICA, | : | |
| | : | |
| Defendant. | : | |

### CIVIL ACTION COMPLAINT

Plaintiff, SUSAN CAMMISA, by and through her attorney, Linda M. Lopez, Esq. of the Law Offices of Eric A. Shore, P.C., as and for her Complaint against Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, hereby avers as follows:

### PARTIES

1. Plaintiff, SUSAN CAMMISA, (hereinafter "Plaintiff") was and still is a citizen and resident of the State of New Jersey, residing at 301 S. Warwick Road, Magnolia, New Jersey 08049.

2. Defendant, LIFE INSURANCE COMPANY OF NORTH AMERICA, (hereinafter "Defendant") has offices located at 1601 Chestnut Street, Philadelphia, Pennsylvania 19192.

### JURISDICTION

3. Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to hear civil actions brought to recover benefits due under the terms of an employee welfare benefit plan. Jurisdiction is also founded on 28 U.S.C. §

1331 because this action arises under 29 U.S.C. § 1001 et. seq. (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the District of New Jersey is appropriate because Defendant conducts business and is subject to personal jurisdiction in the judicial district and maintains contacts in the judicial district sufficient to subject it to personal jurisdiction.

5.      Pursuant to 28 U.S.C. § 1391(a)(1) and § 1391(c), this action is properly venued in the District of New Jersey.

## FACTS

6.      At all times hereinafter mentioned, Plaintiff was employed as an Elementary School Teacher for the Diocese of Camden New Jersey, and at all times was a participant and/or beneficiary under the Long Term Disability ("LTD") plan.

7.      Plaintiff had a strong work history working for the Diocese of Camden New Jersey prior to filing for LTD insurance benefits.

8.      The LTD plan is an employee welfare benefit plan specifically covered under ERISA, 29 U.S.C. § 1002(2)(A).

9.      At all times material herein, Defendant made and/or participated in making all benefits decisions under the LTD plan.

10.      During Plaintiff's employment with the Diocese of Camden New Jersey, Defendant issued a long term group disability income policy (hereinafter the "Policy").

11.      At all times hereinafter mentioned, said Policy of insurance was issued for the benefit of certain eligible employees in exchange for the payment of premiums by the Diocese of Camden New Jersey and/or its employees.

12.     At all times mentioned herein, Plaintiff was and is an employee eligible for long term disability benefits as an insured under the Policy.

13.     Said Policy provided, among other things, that long term disability insurance benefit payments will be made to Plaintiff in the event that she becomes disabled as a result of injury or sickness. Under the Policy,

> After Disability Benefits have been payable for 24 months, the Employee is considered disabled if, solely due to Injury or Sickness, he or she is: 1. unable to perform the material duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training, or experience; and 2. unable to earn 60% or more of his or her Indexed Earnings.

14.     Plaintiff stopped working on or about September 4, 2017.

15.     Plaintiff initially applied for and collected LTD insurance benefits through May 2, 2019.

16.     By letter dated May 2, 2019, Defendant notified Plaintiff that her LTD benefits would be discontinued as of that date.

17.     On October 30, 2019, Plaintiff submitted a written appeal of the adverse determination made on May 2, 2019.

18.     By letter dated April 15, 2020, Plaintiff was notified that her appeal was successful and that her LTD benefits were reinstated.

19.     However, by letter dated April 30, 2020, Plaintiff was again advised that her LTD benefits would be discontinued as of March 3, 2020.

20.     On October 26, 2020, Plaintiff submitted a written appeal of the April 30, 2020 adverse determination.

21.     On April 8, 2021, Defendant issued a final administrative denial of Plaintiff's claim for LTD benefits.

3

22.     As of March 3, 2020, Plaintiff's LTD coverage was in full force and effect and Plaintiff was an eligible employee.

23.     From March 3, 2020 to the present, Plaintiff has continued to be disabled within the meaning and pursuant to the terms of her Policy coverage as she is unable to perform, on a sustained basis, either her own or any reasonable occupation, as that term is defined in the subject Policy.

24.     Plaintiff's disability is caused by complications, impairments and symptoms of moderate to severe central stenosis at C3-4 and C4-5, mild central spinal stenosis at C2-3, degenerative disc disease at L5-S1, cervical radiculopathy, osteoarthritis of the right knee, rheumatoid arthritis, lumbar osteoarthritis, widespread degenerative disc disease especially at the L5-S1 level, severe osteoarthritis in the bilateral hands, history of left knee total replacement with revision and aseptic loosening, need for right-sided total knee replacement, hypertension, prediabetes, obesity, and hurthle cell neoplasm s/p thyroidectomy, with resultant symptoms of swelling, pain, difficulty walking, difficulty bending, joint instability, stiffness, muscle weakness, numbness, tingling, insomnia, and fatigue.

25.     Plaintiff cooperated with the Defendant in all respects, provided proper proof of loss in support of her claim, and otherwise complied with the terms and conditions of the Policy regarding the filing and maintenance of the claim.

26.     Pursuant to the Policy, Defendant has been obligated to continue the periodic payment of monthly LTD benefits to Plaintiff since March 3, 2020.

27.     Despite Plaintiff's continued total disability, Defendant has denied all LTD insurance benefit payments to Plaintiff since March 3, 2020 and continues to refuse to pay benefits pursuant to the Policy, although payment thereof has been duly demanded.

28.     Said refusal on the part of the Defendant is a willful and wrongful breach of the Policy's terms and conditions.

29.     Defendant afforded little weight to the opinions of Plaintiff's treating physicians who clearly opined that she has been unable to work since March 3, 2020, due to her disabling conditions and complications from her impairments and medical conditions.

30.     Defendant's denial of Plaintiff's disability insurance benefits is unreasonable and unsupported by substantial evidence and, as such, constitutes a breach of fiduciary duty.

31.     Defendant's unreasonable and unsupported denial of Plaintiff's disability insurance benefits is evidenced by the number of procedural irregularities in its claim handling, including but not limited to: the failure to consider the impact of Plaintiff's physical and mental conditions and limitations on her ability to perform all of the essential duties of her regular occupation or any occupation; the refusal to consider Plaintiff's credible subjective complaints about her inability to work; the reliance upon a selective review of medical records to reach a result oriented claim determination; the failure to utilize appropriately qualified and unbiased medical personnel to reach decisions and/or render opinions on levels of impairment; the biased and flawed vocational consideration on Plaintiff's claim; the failure to perform a fair and neutral evaluation of Plaintiff's medical condition and associated restrictions and limitations; and other biased claim handling.

32.     Defendant's claim handling resulted in numerous violations of 29 C.F.R. § 2560.503-1 et. seq.

33.     Defendant's claim handling failed to provide Plaintiff with a full and fair review of her claim.

5

34.     Defendant's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant's financial situation and frustrated Plaintiff from receiving a full and fair review of her claim.

35.     Plaintiff has attempted to exhaust all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

36.     By reason of the foregoing claims conduct, Defendant failed, by operation of law, to establish and follow reasonable claims procedures that would yield a decision on the merits of her claim pursuant to 29 C.F.R. § 2560.503(1).

37.     Because Defendant failed to satisfy the minimal procedural safeguards set forth in 29 C.F.R. § 2560.503(1), Defendant's adverse benefit determination is not entitled to any judicial deference.

38.     Defendant willfully failed to comply with ERISA regulations.

39.     Monthly disability insurance benefit payments to Plaintiff are continuing to be due and payable by Defendant with the passage of each month.

40.     Plaintiff is entitled to receive the total life-time benefit of the plan discounted to present value, due to Defendant's arbitrary and capricious decision to deny Plaintiff's benefits.

41.     Plaintiff is entitled to receive, in addition to the benefits due under the plan of insurance, reimbursement for reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. 1132(g).

**WHEREFORE,** Plaintiff, Susan Cammisa, demands judgment in her favor and against Defendant together for:

A.     Payment of all benefits in arrears due and owing since the denial of benefits, plus interest;

6

B.      The total lifetime benefit under the plan discounted to present value;

C.      Attorneys' fees and costs of suit;

D.      Interest and delay damages; and,

E.      Any other further relief this Court deems just proper and equitable.

                                        By:     _____

                                                Linda M. Lopez, Esq.
                                                Attorney I.D. No. 017592006
                                                LAW OFFICES OF ERIC A. SHORE, P.C.
                                                1500 John F. Kennedy Blvd, Suite 1240
                                                Philadelphia, PA 19102
                                                (215) 627-9999
                                                *Attorney for Plaintiff, Susan Cammisa*

Date:  6/15/2021